IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

    Plaintiff,

    v.                             NO. CIV. S-07-2228 GGH

ARAMINDA LOPEZ, Individually
and d/b/a Mindy's Market,

                            ORDER

    Defendant.

_____/

        The case is before the undersigned pursuant to 28 U.S.C. § 636(c) (consent to proceed before a magistrate judge). Plaintiff initiated this action on October 19, 2007. Default was entered on September 25, 2008. By order of January 25, 2010, plaintiff was directed to file and serve his default judgment motion within thirty days. Plaintiff was advised that failure to comply with the order would result in a recommendation of dismissal for failure to prosecute. Plaintiff has not responded to the order, and has not filed a motion for default judgment.

        Plaintiff, as an attorney, understands that he must adhere to the rules of court. As set forth in this court's prior order, failure to file a summary judgment motion would result in dismissal of this action. More broadly, failure to comply with any order of the court "may be grounds for imposition . . . of any and all sanctions authorized by statute or Rule or within the

1

1  inherent power of the Court." E. D. Cal. L. R. 110.

2     "Failure to follow a district court's local rules is a proper ground for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). The court should consider: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Similar considerations authorize dismissal of an action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Link v. Wabash R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991). Moreover, failure to obey court orders is a separate and distinct ground for imposing the sanction of dismissal. See Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (setting forth same factors for consideration as Ghazali).

   The court has considered the factors set forth in Ghazali. "[T]he key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir.1990). Prejudice, however, is not really an issue here. Plaintiff has had the opportunity to prosecute this aging action, and apparently does not desire to do so. Defendant, who at one time did appear through counsel at an earlier status conference, and represented that she would file an answer, but never did, apparently is not concerned about the outcome of this action as she allowed a default to be taken against her remaining silent ever since. In any event, she will not be prejudiced by the dismissal of the action against her. The court will not beg the parties to participate in a legal action, and this court will not be placed in the untenable position of expending limited judicial resources to compel the parties to have this case decided on the merits. There is no lesser sanction which will be effective given the above. The public's interest in expeditious resolution of litigation, the court's need to manage its docket, and the unsuitability of a less drastic sanction, direct that this case be dismissed.

////

////

Accordingly, IT IS ORDERED that this action is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

DATED: March 24, 2010

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076/Johnson2228.41.wpd